# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7427 | **DATE** | 9/1/2004 |
| **CASE TITLE** | The Compak Companies, Inc. vs. Jimmie L. Johnson et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the foregoing reasons, defendants' motion to refer this action to the bankruptcy court or in the alternative for a stay is granted. Pursuant to 28 U.S.C. § 157(a), Counts I and II of the complaint are referred to the bankruptcy court on the ground that they are "related to" the bankruptcy of Compak Corporation currently pending before Judge Black. Counts III and IV of the complaint are not referred to the bankruptcy court, but the proceedings as to those counts are stayed pending the bankruptcy court's resolution of Counts I and II. The Trustee's motion to intervene is denied as moot.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| X | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

date docketed

docketing deputy initials

09/01/04
date mailed notice

SJR

courtroom deputy's initials

U.S. DISTRICT COURT

2004 SEP - 1 PM 5: 31

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

THE COMPAK COMPANIES, LLC,           )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )     No. 03 C 7427
                                     )
JIMMIE L. JOHNSON, RON BOWEN,        )
BRUCE CARLSON, PATPAK, INC.,         )
DUO TECH HOLDINGS, INC., DUOTECH     )
PACKAGING, LLC, and OLMARC           )
PACKAGING COMPANY,                   )
                                     )
          Defendants.                )

DOCKETED
SEP 0 2 2004

**MEMORANDUM OPINION**

Before the court are two motions: (1) certain defendants'
motion to refer these proceedings to the bankruptcy court or, in
the alternative, for a stay; and (2) the Chapter 7 Trustee's motion
to intervene.  For the reasons explained below, defendants' motion
is granted, and the Trustee's motion is denied as moot.

**BACKGROUND**

Plaintiff The Compak Companies, LLC ("Compak LLC") filed this
action against defendants DuoTech Holdings, Inc. ("DuoTech");
DuoTech Packaging, LLC ("DuoTech Packaging"); Olmarc Packaging

Company ("Olmarc"); Patpak, Inc. ("Patpak"); Jimmie L. Johnson, Ron Bowen, and Bruce Carlson.[1]

A brief summary of plaintiff's allegations is in order. Defendant Johnson formed Compak Corporation ("Compak") in 1992 to manufacture and market various products. Among the patent applications that Johnson filed was one for a Communion cup. Johnson assigned the application to Compak. In 1993, the United States Patent Office issued to Johnson what we will call the '106 Patent, which Johnson subsequently assigned to Compak.

Thereafter, Johnson applied for and received two other patents, which we will call the '351 and '388 patents, and applied for a patent that was eventually issued as the '312 patent. Johnson did not assign these patents to Compak, and plaintiffs contend that Johnson thereby violated his fiduciary duty to Compak and misappropriated Compak's property.

In August 1996, Johnson formed Patpak and purported to assign to Patpak the '351 and '388 patents and the application for the '312 patent. Plaintiff contends that this assignment was without consideration and a fraudulent conveyance. In May 1997, Johnson caused Patpak to assign back the '351 patent and grant an exclusive license in the '388 and '312 patents to Compak. According to

_____

[1] Plaintiff alleges that Johnson was the CEO of Compak Corporation and (on information and belief) that he is the alter ego of DuoTech and Patpak. (Complaint, ¶¶ 6, 11.) Bowen was the President of Compak Corporation and, plaintiff believes, is currently affiliated with DuoTech. (Id., ¶ 12.) According to plaintiff, Carlson "purports" to be the President of DuoTech. (Id.)

plaintiffs, Johnson and Bowen then made representations to Compak investors and shareholders that Compak owned outright the four patents at issue (the "Patents").

Johnson formed DuoTech in July 2001. Plaintiffs allege that another fraudulent conveyance took place the following month when Johnson and Carlson executed a license agreement between Compak and DuoTech purporting to grant DuoTech a license to manufacture products pursuant to the Patents.

In 2002, Compak and a related company, Communion Packaging Company ("CPC"), filed petitions for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. The cases were later consolidated and converted to Chapter 7 proceedings. In March 2003, substantially all of the debtors' assets were auctioned and sold to an entity called BMJ Partners ("BMJ"). The bankruptcy court entered an order approving the sale. According to plaintiff, the Patents were included in the sale, and BMJ thereafter assigned the Patents to plaintiff.

On September 9, 2003, DuoTech Packaging, an affiliate of DuoTech, filed an adversary complaint in interpleader in the bankruptcy proceeding against Compak Corporation; David Leibowitz, the Chapter 7 Trustee; Patpak; BMJ; and Johnson. DuoTech Packaging seeks declaratory relief regarding ownership and licensing rights in the Patents and to whom royalties should be paid.

On October 21, 2003, plaintiff filed the instant action. The complaint contains four counts. The first is a request for the imposition of a constructive trust; plaintiff alleges that the 1996 assignment to Patpak and the 2001 license to DuoTech were fraudulent conveyances. Plaintiff contends that Compak was the true owner of the Patents and seeks an order requiring Johnson to transfer legal title to the Patents to plaintiff.

Count II of the complaint is a patent infringement claim. Plaintiff asserts that DuoTech, Johnson, Bowen, and Carlson have infringed the patents by causing Olmarc to manufacture products that come within the scope of the patents and by selling those products.

Plaintiff alleges in Count III that Olmarc breached an oral contract by failing to pay plaintiff monies Olmarc held in a reserve account to cover purchases of raw materials. According to plaintiff, the reserve account was part of the accounts receivable purchased by BMJ at the bankruptcy sale and assigned to plaintiff. Shortly after plaintiff acquired the assets of Compak, Olmarc agreed to manufacture for plaintiff under an oral agreement in the same form as the prior agreement between Olmarc and Compak.

Count IV is an intentional interference with contract or prospective economic advantage claim against Johnson, Bowen, Carlson, and DuoTech. The claim is based on those defendants' purported inducement of Olmarc to stop manufacturing products for

plaintiff, of raw material vendors to not sell raw materials to plaintiff, and of long-standing Compak customers to not buy their products from plaintiff. Plaintiff seeks compensatory and punitive damages as well as costs and attorney's fees.

The DuoTech entities and Carlson now move for a referral of the instant case to the bankruptcy court or alternatively for a temporary stay of these proceedings pending the bankruptcy court's ruling on the adversary complaint. Bowen and Olmarc join in the motion. In the meantime, the bankruptcy court granted DuoTech Packaging's motion to join Compak LLC, the plaintiff in this proceeding, as a defendant in the adversary proceeding. Additionally, David Leibowitz, the Chapter 7 Trustee, moves to intervene in this action.

### DISCUSSION

### A.  Defendants' Motion to Refer

A district court may refer to a bankruptcy court proceedings "arising under title 11" or "arising in . . . a case under title 11." 28 U.S.C. § 157(a). A proceeding falls into the "arising under" or "arising in" category when it involves a cause of action created by federal bankruptcy law or is one concerning the administration of the bankruptcy estate. See Wood v. Wood (In re Wood), 825 F.2d 90, 96-97 (5th Cir. 1987); Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 162 (7th Cir. 1994).

We may also refer cases that are "related to" bankruptcy cases. 28 U.S.C. § 157(a). This type of bankruptcy court jurisdiction is limited; disputes are "related to" bankruptcies only when they "affect[] the amount of property available for distribution or the allocation of property among creditors." Elscint, Inc. v. First Wis. Fin. Corp. (In re Xonics, Inc.), 813 F.2d 127, 131 (7th Cir. 1987).

Counts I and II of the complaint, which seek a constructive trust and assert patent infringement, do not arise under title 11 or arise in a title 11 case because those claims do not invoke rights created by bankruptcy law or involve administration of the bankruptcy estate. The claims, however, do appear to be "related to" the bankruptcy at issue. Central to the disposition of Counts I and II is a determination of exactly what BMJ (and therefore plaintiff) acquired in the sale of Compak's assets. Another facet of these claims is plaintiff's assertion that Compak, the debtor, made a fraudulent conveyance to DuoTech. The relief sought by plaintiff clearly would affect the amount of property in the estate available for creditors.

Counts III and IV of the complaint are a different matter. Plaintiff asserts a breach of contract claim against Olmarc and a tortious interference claim against Johnson, Bowen, Carlson, and DuoTech. These claims do not fall into the "arising under/arising in" category. Nor can they be said to "relate to" the bankruptcy

proceeding because their resolution would not have any impact on the estate.

Accordingly, Counts I and II of the complaint will be referred to the bankruptcy court, but Counts III and IV will not. The proceedings as to Counts III and IV will be stayed pending the bankruptcy court's resolution of Counts I and II.

### B.   The Trustee's Motion to Intervene

Because we have referred the primary claims of the complaint to the bankruptcy court, the Trustee's motion to intervene in this action will be denied as moot without prejudice to refiling after the bankruptcy court's resolution of Counts I and II and the lifting of the stay as to Counts III and IV.

### CONCLUSION

For the foregoing reasons, defendants' motion to refer this action to the bankruptcy court or in the alternative for a stay is granted. Pursuant to 28 U.S.C. § 157(a), Counts I and II of the complaint are referred to the bankruptcy court on the ground that they are "related to" the bankruptcy of Compak Corporation currently pending before Judge Black. Counts III and IV of the complaint are not referred to the bankruptcy court, but the proceedings as to those counts are stayed pending the bankruptcy court's resolution of Counts I and II.

The Trustee's motion to intervene is denied as moot.

DATE:       September 1, 2004

ENTER:      _____
            John F. Grady, United States District Judge