UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILINOIS
EASTERN DIVISION

| | |
|---|---|
| THE COMPAK COMPANIES, LLC ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | 03 C 7427 |
| v. ) | |
| ) | Hon. John F. Grady |
| JIMMIE L. JOHNSON, RON BOWEN, BRUCE ) | |
| CARLSON, PATPAK, INC., DUOTECH HOLDINGS, ) | |
| INC., DUOTECH PACKAGING , LLC, OLMARC ) | |
| PACKAGING COMPANY, and URBAN ) | |
| MINISTRIES, INC., ) | |
| ) | |
| **Defendants.** ) | |

**DUOTECH'S MOTION TO DISMISS
COUNTS VI, VII AND XIII OF THE AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Duotech Holdings, Inc., Duotech Packaging, LLC, and Bruce Carlson, by its attorney, moves to dismiss Counts VI, VII and XIII of the Amended Complaint and in support states as follows:

**Background**

The Compak Companies, LLC ("TCC") filed its original four (4) count Complaint in 2003. Now, almost seven (7) years later, TCC suddenly adds nine (9) more counts and an additional party. Many of the new counts are well past the applicable limitations periods for bring the claim while others improperly attack this Court's earlier determination that the August 29, 2001 Licensing Agreement was valid.

For the following reasons, certain TCC's new claims must be dismissed immediately.

1. **Count VI - Declaratory Judgment - July Agreement**

TCC attacks this Court's determination that the August 29, 2001 License Agreement is valid and controlling. *See* June 1, 2009 Memorandum Opinion, p. 9. This Court held that the August 29, 2001 License Agreement:

did more than simply alter the minimum royalty requirement — it added additional parties (PatPak and Johnson) and provisions, some of which are mutually beneficial. (See, e.g., License Agreement, dated August 29, 2001, ¶¶ 7 (confidentiality) and 14 (insurance and indemnification).) We conclude that the August 2001 agreement superceded any previous agreements between the parties. TCC made several other arguments in response to defendants' summary-judgment motion concerning the August 2001 agreement's enforceability. (See TCC's Opp'n to DuoTech Defs.' Mot. for Summ. J. at 15-16.) TCC did not develop these arguments in the bankruptcy court and it has not raised them again here in response to the bankruptcy court's proposed conclusions. We reject TCC's argument that the August 2001 license was invalid or unenforceable *ab initio*.

In addition, the prayer for relief in Count VI is inconsistent with the allegations for declaratory judgment. TCC alleges that the July License Agreement governs the use of the Patents. However, in the request for relief, TCC asks for a declaration that it owns the Patents. For the above mentioned reasons, Count VI must be dismissed.

2. **Count VII - Avoidance of Modified License Agreement Under 740 ILCS 160(5)**

Count VII is yet another improper and untimely attack on this Court's earlier finding that the August 29, 2001 Agreement is valid and controlling. In the 2003 Complaint, TCC did not allege a violation of 740 ILCS 160/5 despite being fully aware of the execution of the August 29, 2001 License Agreement. Furthermore, TCC's claim under the Illinois statute is barred by the applicable limitations period. Section 10 of the Act defines the period within which an action must be initiated:

> A cause of action with respect to a fraudulent transfer or obligation under this Act is extinguished unless action is brought . . . under paragraph (2) of subsection (a) of Section 5 . . . within 4 years after the transfer was made or the obligation was incurred.

740 ILCS 160/10. TCC specifically identifies the time of the transfer to have occurred on August 29, 2001: "The execution of the Modified License Agreement constituted a transfer of Compak's interest in property within the meaning of the Uniform Fraudulent Transfer Act." Amended Complaint, ¶114. TCC's claim was brought on March 24, 2010, over eight (8) years after the transfer was made. Since claims brought pursuant to the statute must be brought within four (4) years of the transfer, Count VII is more than four (4) years outside of the statutory period and must be dismissed.

3. **Count XIII - Common Law - Trade Name Infringement - Unfair Competition**

Count XIII of the Amended Complaint alleges a claim for common law Unfair Competition. Essentially, Illinois law does not recognize a common law claim for unfair competition. Illinois law has codified such common law claims and provides statutory redress. Accordingly, Count XIII must be dismissed.

WHEREFORE, Defendants Duotech Holdings, Inc., Duotech Packaging, LLC, and Bruce Carlson, respectfully request that Counts VI, VII and XIII be dismissed and for such other relief that this Court deems just and appropriate.

Dated: June 1, 2010

DOUTECH PACKAGING, LLC
DUOTECH HOLDINGS, INC.
BRUCE CARLSON

By: */s/ Marshall J. Burt*
    One of their
    Attorneys

Marshall J. Burt (6198381)
Law Office of Marshall J. Burt
77 West Washington Street
Suite 1900
Chicago, IL 60602
Tel: (312) 419-1999

## **CERTIFICATE OF SERVICE**

  Marshall J. Burt, an attorney, certifies that service of the above and foregoing pleading was accomplished through the Electronic Notice for Registrants to those individuals listed on the CM/ECF service list.

                   */s/ Marshall J. Burt*