# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7427 | **DATE** | 2/24/2011 |
| **CASE TITLE** | The Compak Companies, LLC v. Johnson | | |

**DOCKET ENTRY TEXT**

UMI's motion to strike (159) is denied. Judgment will be entered in accordance with the terms of the accepted offer, and not our opinion granting summary judgment. TCC's request for its costs in responding to the motion to strike is denied. SEE DETAILS BELOW.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On February 9, 2011 defendant Urban Ministries, Inc. ("UMI") served plaintiff The Compak Companies, LLC ("TCC") with a Rule 68 offer of judgment in the amount of $5,000. The offer was irrevocable for a period of 14 days. Fed. R. Civ. P. 68(a) (establishing a 14-day acceptance period); Webb v. James, 147 F.3d 617, 620-21 (7th Cir. 1998) (citing with approval cases holding that Rule 68 offers are irrevocable during the period prescribed in the rule). On February 16, 2011 we held a status hearing to address several pending matters ahead of the parties' March 1, 2011 trial date, among them UMI's fully briefed motion for summary judgment. We told the parties at the hearing that we were "ready to rule" on UMI's motion and that "[i]t looks like we are going to grant the motion." Later that same day, TCC filed its notice of acceptance of UMI's offer of judgment. On February 17, 2011, we entered our opinion granting UMI's motion for summary judgment, and denying DuoTech's, while reserving the question whether TCC's acceptance the day before took precedence.

    In its motion to strike TCC's acceptance UMI relies on cases holding that an otherwise timely acceptance is ineffective after the court has granted summary judgment. See, e.g., Smith v. Southeastern Penn. Transp. Auth., 258 F.R.D. 300, 302 (E.D. Pa. 2009); Day v. The Krystal Co., 241 F.R.D. 474, 478 (E.D. Tenn. 2007). TCC relies on contrary authority from the Eighth Circuit Court of Appeals. See Perkins v. U.S. West Communications, 138 F.3d 336, 339 (8th Cir. 1998) ("We conclude that the plain language of Rule 68 mandates that an offer of judgment remain valid and open for acceptance for the full ten-day period [now 14 days] outlined in the Rule despite an intervening grant of summary judgment by the district court."). We need not reach that issue. None of the cited cases deal with the situation where, as here, the court merely signaled which way it was leaning on a pending motion for summary judgment. There is nothing in the language of Rule 68, or in any of the authorities that the parties cite, authorizing us to enter judgment other than in accordance with the terms of the accepted offer. When UMI made its offer it accepted the risk that circumstances might change, making the offer more attractive to TCC and less attractive to UMI. That is the nature of irrevocable offers, not an "extraordinary" circumstance justifying rescission, even assuming such relief was available. Cf. Webb, 147 F.3d at 621 ("reject[ing] application of the doctrine of rescission in the context of a Rule 68 'contract.'").

Courtroom Deputy | K