UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE COMPAK COMPANIES, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 03-cv-7427 |
| v. | ) |
| | ) Hon. John F. Grady |
| JIMMIE L. JOHNSON, RON BOWEN, BRUCE CARLSON, PATPAK, INC., DUOTECH HOLDINGS, INC., DUOTECH PACKAGING, LLC, OLMARC PACKAGING COMPANY, and URBAN MINISTRIES INC., | ) ) ) ) ) |
| Defendants. | ) |

**DUOTECH'S MOTION DISMISSING THE CLAIM FOR AN ACCOUNTING OR ALTERNATIVELY REQUIRING PLAINTIFF
TO PRESENT ALL EVIDENCE IN ONE PROCEEDING**

The Defendants, Bruce Carlson, Duotech Holdings, Inc., and Duotech Packaging, LLC (collectively referred to as "Duotech") hereby move this Court for an order dismissing the Plaintiff's claim for an accounting because it is superfluous of the breach of contract claim, or alternatively, to require the Plaintiff to present all of its evidence in one proceeding instead of ordering an accounting after trial. In support of this motion, the Defendants state as follows:

1.  The Plaintiff's Amended Complaint has set forth a claim for an accounting (Amended Complaint Count X). At the February 24, 2011 pre-trial conference and hearing on Defendants' Motions in Limine, Plaintiff suggested that the Court hear evidence relating the accounting claim after the trial is completed on its underlying claims. However, as became evident during the February 24, 2011 conference, the plaintiff's accounting claim is simply part and parcel of its breach of contract claim in that Plaintiff seeks damages based on Defendant's alleged under-reporting of sales. The accounting claim is, therefore, superfluous to the breach of contract claim.

2.  The plaintiff should be required to present all of its proof on all of its claims in its case in chief, rather then attempt to dissect the elements of its breach of contract claim, or any other claim into separate "accounting" proceedings, particularly when 1) the plaintiff does not allege it has no adequate remedy at law and 2) has waived its jury demand thereby allowing this Court to adjudicate all legal and equitable claims together.

3.  Courts that have addressed this issue have dismissed claims for an accounting where the plaintiff has plead a claim for breach of contract, which generally provides an adequate remedy at law. *See*, *Drake Enterprises vs. Colloid environmental Technologies company*, (08 C 6753) 2009 U.S. Dist. Lexis 53461 (ND Ill 2009); *3Com Corp. v. Electronic Recovery Specialists, Inc.*, 104 F. Supp.2d 932, 941 (N.D. Ill. June 24, 2009)

4.  *Drake* is completely analogous to the case here. In *Drake*, the Plaintiff brought an action for breach of contract based on the under-reporting of royalties. It also brought a claim for accounting. The Court dismissed the accounting claims because it flew in the face of a run in the mill breach of breach of contract claim. "As the Seventh Circuit has said, 'legal remedies should not be characterized as inadequate merely because the measure of damages may necessitate a look into the plaintiff's business records" *Drake*, at * 9, citing *Zell v. Jacoby-Bender, Inc.*, 542 F.2d 34, 36 (7th Cir. 1976).

5.  Indeed, although an accounting cause of action was traditionally utilized as a means of obtaining access to relevant records, the need for a party to pursue an accounting cause of action in order to obtain such access to books and records has been greatly minimized in light of the modern federal discovery rules." *Drake,* at *7, citing *Didion Milling, Inc. v. Agro Distribution, LLC*, Case No. 05-C-227, 2007 U.S. Dist. LEXIS 15071, 2007 WL 702808, at *11 (E.D. Wis.

March 2, 2007).

6.    Plaintiff's only alleged basis for the accounting after trial is that the information sought is complex and solely in possession of Duotech. [Amended Complaint ¶ 128]

7.    The information sought to support the breach of contract claim is clearly not complex. The royalty payments are based on a percentage of gross sales. All plaintiff needed to do was compare royalty payments made to the gross sales. Plaintiff certainly should not be allowed to drag this 2003 case out further when all of the issues can be resolved in one trial proceeding.

8.    Similarly, the assertion that all of the information is in possession of the defendants is without merit. The claim for an accounting and breach of contract claims were first raised in the Amended Complaint filed on March 24, 2010, over 6 months after this Court gave TCC an opportunity to weigh its options about pursuing additional claims. [See, DKT #168, 2/17/2011, Memorandum Opinion p. 2] The plaintiff, however, never conducted any discovery on these claims.

9.    The request by plaintiff now for a full accounting *after* trial is simply an attempt to do an end-run around this Court's discovery orders, including its "final extension" of the discovery cut-off and its own failure to conduct any discovery after filing the Amended Complaint. [See, DKT #168, 2/17/2011, Memorandum Opinion p. 2] It would be highly prejudicial to the Defendants to saddle them with more litigation costs simply because the Plaintiff chose not to obtain the information that was available to it during discovery to prove its claims.

10.    If the Plaintiff truly believed the Court's review of various records were necessary, it it would have used its right to obtain those records during the discovery period set by this Court. therefore, should this court believe a separate accounting proceeding is necessary, the Plaintiff

should only be limited to those documents disclosed as potential exhibits in its pre-trial disclosures. *Kempner Mobile Electronics, Inc. v. Southwestern Bell Mobile Sys.,* 428 F.3d 706, 715 (7th Cir. 2005)

      Wherefore, the Defendants request that this Court dismiss the accounting claim as being superfluous to the breach of Contract claim or alternatively require the Plaintiff to prove all elements of its case at trial.

Dated: February 25, 2011                              DUOTECH PACKAGING, LLC
                                                                   DUOTECH HOLDINGS, INC.
                                                                   BRUCE CARLSON

                                                                   By: */s/ Marshall J. Burt*
                                                                   Attorney for the Defendants

Marshall J. Burt (6198381)
Andrew J. Cohen (6215895)
77 West Washington Street, Suite 1900
Chicago, IL 60602
Tel: (312) 419-1999

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 25, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of this filing to all attorneys of record.

                By:/s/ Marshall J. Burt